IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Vincent Michael, II,<br><br>           Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No.  CV 12-08148-PCT-FJM (SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

Petitioner John Vincent Michael, II, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) and a Motion to Stay the Petition for Writ of Habeas Corpus (Doc. 1).

**BACKGROUND**

Pursuant to a plea agreement, Petitioner pled guilty in Yavapai County Superior Court on January 21, 2005, to two counts of vehicular manslaughter with prior felony convictions, and to two counts of endangerment. (Doc. 11-1, Exh. B.) On March 1, 2005, Petitioner was sentenced to two concurrent terms of 25-years of imprisonment as to the manslaughter counts and three consecutive terms of 3-years of imprisonment for each of the endangerment counts, for a total of 34 years. (Doc. 11-1, Exh. C.)

On March 17, 2005, Petitioner timely filed a *pro se* Notice of Post-Conviction

Relief under Rule 32 of the Arizona Rules of Criminal Procedure and a Request for Appointment of Counsel. (Doc. 11-1, Exh. D.)  On July 1, 2005, Petitioner, through counsel, filed a Petition for Post-Conviction Relief in which he raised two claims of ineffective assistance of trial counsel.  (Doc. 11-1, Exh. E.)  On September 16, 2005, the trial court dismissed the petition, finding that the "Petition d[id] not present a material issue of fact or law which would entitle [Petitioner] to relief." (Doc. 11-1, Exh. G.) Petitioner did not seek review of the petition in the Arizona Court of Appeals.

On October 25, 2008, Petitioner, through new counsel, filed a second Notice of Post-Conviction Relief. (Doc. 11-1, Exh. H.)  On March 4, 2009, Petitioner filed a second Petition for Post-Conviction Relief in which he raised three claims: ineffective assistance of counsel at all stages of proceedings, the plea agreement was unlawfully induced, and the sentence was grossly disproportionate. (Doc. 11-2, Exh. I.)  On May 21, 2009, the trial court dismissed the second petition as untimely filed, and found that certain claims were also precluded as previously raised in the first petition. (Doc. 11-2, Exh. K.) Petitioner sought rehearing, and on June 15, 2009, the trial court affirmed the dismissal. (Doc. 11-2, Exh. L.) Through counsel, Petitioner filed a Petition for Review in the Arizona Court of Appeals on July 6, 2009. (Doc. 11-2, Exh. M.) On June 7, 2010, the Arizona Court of Appeals summarily denied review. (Doc. 11-2, Exh. N.) On July 6, 2010, Petitioner sought review, through counsel, to the Arizona Supreme Court. (Doc. 11-2, Exh. O.) The Arizona Supreme Court summarily denied review on November 8, 2010. (Doc. 11-2, Exh. P.)

On October 24, 2011, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in Yavapai County Superior Court. (Doc. 11-3, Exh. Q.) The trial court construed the filing as a third Petition for Post-Conviction Relief. (Doc. 11-4, Exh. T.) In addition to presenting the claims raised in his previous petition, Petitioner alleged a claim of ineffective assistance as to the second post-conviction relief counsel. On February 7, 2012, the trial court dismissed the third petition as untimely filed, and found that certain claims were precluded as previously raised. (Doc. 11-4, Exh. T.) Petitioner sought review

in the Arizona Court of Appeals on May 16, 2012. (Doc. 11-4, Exh. U.) The Petition for Review remains pending before the Arizona Court of Appeals. (Doc. 11-4, Exh. W.)

Petitioner filed the instant Motion to Stay the Petition for Writ of Habeas Corpus (Doc. 1) on July 30, 2012, and *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7).[1] Respondents filed an Answer on September 20, 2012 (Doc. 11), and Petitioner filed a Traverse on October 4, 2012 (Doc. 12).

## DISCUSSION

In the Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief. In Ground One, Petitioner alleges that he received ineffective assistance of trial and post-conviction relief counsel, in violation of the Sixth Amendment. In Ground Two, Petitioner alleges that he received illegal sentences in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. In Ground Three, Petitioner alleges a violation of the Sixth Amendment because he was induced by trial counsel to plead guilty. Lastly, in Ground Four, Petitioner alleges that his Fifth and Fourteenth Amendment due process rights were violated because the merits of his claims were not presented to a state court.

Respondents contend that the habeas petition should be dismissed because the petition was filed beyond the statute of limitations period. Respondents further argue that Petitioner failed to exhaust his state-court remedies and his claims are procedurally barred. Petitioner argues that his petition should be considered as though it were timely filed because there are grounds which toll the limitations period.

For the reasons that follow, the Court finds that the habeas petition is barred by the statute of limitations, and will therefore recommend that it be denied. In finding the untimely petition is barred, the Court need not address Respondents' procedural default defense.

---

[1] On November 1, 2011, Petitioner filed a "Motion for Procedural Order," in which he moved to extend the time in which to file a Petition for Writ of Habeas Corpus. (Doc. 11-4, Exh. X; No. CV 11-8173-PCT-FJM (ECV) at Doc. 1.) On November 8, 2011, the Court dismissed the matter without prejudice for lack of jurisdiction. (No. CV 11-8173-PCT-FJM (ECV) at Doc. 3.)

**I.     Legal Standard**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). [2] 28 U.S.C. § 2244. The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244. The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Within the meaning of 28 U.S.C. § 2244(d)(1)(A), an "of-right" petition for post-conviction review under Rule 32 of the Arizona Rules of Criminal Procedure, available to criminal defendants who plead guilty,[3] is a form of "direct review." Summers v. Schriro,

---

[2] The AEDPA applies only to those cases that were filed after its effective date (April 24, 1996). See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).

[3] Defendants who plead guilty or no contest waive their right to direct appeal from their respective convictions. See Ariz. R. Crim. P. 17.1(e). However, such Defendants have a "Rule 32 of-Right" appellate review guarantee. See Summers v. Schriro, 481 F.3d

- 4 -

481 F.3d 710, 711 (9th Cir. 2007).  Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding and review of that proceeding or upon the expiration of the time for seeking such proceeding or review.  See Summers v. Schriro, 481 F.3d at 711. See Ariz. R. Crim. P. 32.9(c) ("Within thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing, any party aggrieved may petition the appropriate appellate court for review of the actions of the trial court.").

The one-year limitation period under AEDPA is statutorily tolled at "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."   28 U.S.C. § 2244(d)(2) (emphasis added); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later.  Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition.  Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S, 408, 418 (2005); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (generally, equitable tolling may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). For instance, equitable tolling is available "where an attorney's misconduct is sufficiently egregious," such as where an attorney refuses to file a petition at the client's request or when the attorney abandons the client. Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Holland, 130 S. Ct. at 2568 (Alito, J., concurring). Equitable tolling is also available where a petitioner is denied access to his case file for an extended period of time. Lott v. Mueller, 304 F.3d 710, 715 (9th Cir. 2007).

918, 924 (9th Cir. 2002). Nevertheless, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn, 345 F.3d at 799 (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

**II.     Application**

    **A.     Statutory Tolling of the Limitations Period**

Petitioner was sentenced under the plea agreement on March 1, 2005. Petitioner filed a timely "of-right" petition for post-conviction relief on March 17, 2005.[4] On September 16, 2005, the trial court dismissed the petition for post-conviction relief. Petitioner had 30 days from that date to seek review, however, no petition for review was filed in Arizona Court of Appeals. See Ariz. R. Crim. P. 32.9(c). Therefore, within the meaning of 28 U.S.C. § 2244(d)(1)(A), the one-year limitations commenced on October 16, 2005, and ran uninterrupted until it expired on October 16, 2006.

Petitioner contends that the limitations period is tolled because he has a state petition for review currently pending before the Arizona Court of Appeals. (Doc. 7 at 19.) However, once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot revive the limitation period, it can only serve to pause a clock that has not yet fully run. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not reinstate limitations period that ended before state petition was filed). Therefore, neither Petitioner's second or third Petition for Post-Conviction Relief tolled the one-year limitation, because they were filed after the limitation period had expired on

---

[4] Because an "of-right" petition for post-conviction relief is a form of direct review under AEDPA's statute of limitations, the statutory tolling provision at 18 U.S.C. § 2244(d)(2) is inapplicable to Petitioner's first post-conviction relief petition. See Summers v. Schriro, 481 F.3d 710, 715 (9th Cir. 2007) (applying direct review rules rather than collateral review tolling rules to calculate limitations period for an "of-right" petition for post-conviction relief).

October 16, 2006.[5] Furthermore, the trial court found that the second and third petitions were untimely under Arizona law, and that Petitioner's claims did not satisfy any exception to the time limit for filing a Rule 32 petition. Thus, Petitioner's subsequent notices of post-conviction relief were not "properly filed" and could not have statutorily tolled the limitations period even if it had not already expired. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (stating that "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation and citation omitted).

Accordingly, the limitations period for Petitioner to file a federal habeas petition expired on October 16, 2006. Petitioner did not file his federal habeas petition until 2012, approximately six years after the limitations period expired. The habeas petition is therefore untimely.

## B.     Equitable Tolling of the Limitations Period

Petitioner states that the limitations period should be equitably tolled. Petitioner argues an absence of personal fault as to the delay in filing, and that he received ineffective assistance of counsel, who failed to timely pursue state post-conviction relief and review. (Doc. 7 at 8-10, 19.) The Court finds that Petitioner has not presented extraordinary circumstances beyond his control which made it impossible to file a federal habeas petition on time.

Petitioner has not established that counsel's failure to pursue post-conviction relief or review constitutes extraordinary circumstances which toll the limitations period. While a petitioner may be entitled to a reasonable length of equitable tolling where he is "abandoned" by his attorney, Petitioner does not make such an allegation. Holland, 130 S. Ct. at 2568 (Alito, J., concurring). Abandonment consists of "near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests."

---

[5]     Petitioner also asserts that he filed a "mis-named motion to extend time." (Doc. 7 at 19.) The Court interprets this as a reference to the November 1, 2011 filing. (Doc. 11-4, Exh. X; No. CV 11-8173-PCT-FJM (ECV) at Doc. 1.) That motion is too without effect, because it was filed well after the limitations period had expired.

- 7 -

Id. Petitioner does not claim that his first post-conviction attorney was engaged to pursue additional state post-conviction relief, that either post-conviction attorney was engaged to pursue federal habeas relief, or that either post-conviction attorney refused to pursue relief despite Petitioner's diligent requests.

Petitioner has not articulated the reasons for waiting approximately seven years to file the instant federal habeas petition. Petitioner has not demonstrated any connection between counsel's failure to seek state relief and his own failure to file his federal habeas petition timely. Petitioner states that any delay in filing the petition, "was due to a serious head injury that occurred February 16, 2012 and he was in a coma until March 26, 2012." (Doc. 1 at ¶ 3.) However, Petitioner does not address how his 2012 injury posed an impediment to timely filing his petition prior to October 16, 2006. Petitioner's *pro se* status in itself also does not amount to an extraordinary circumstance. Robinson v. Kramer, 588 F.3d 1212, 1216 (9th Cir. 2009) (citing Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000)); see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Petitioner has neither articulated, nor does the record reveal, any extraordinary circumstance that would justify equitably tolling of the statute of limitations. See Pace, 544 U.S. at 418 (equitable tolling available when petitioner is both diligent in pursuing rights and had extraordinary circumstances preventing earlier filing). Therefore, the Court will recommend that the Petition for Writ of Habeas Corpus (Doc. 7) be denied as untimely.

### III.   Motion for Stay

In a separate motion, Petitioner requests that his claims be stayed and that his habeas petition be held in abeyance pending the completion of review by the Arizona Court of Appeals of his third Petition for Post-Conviction Relief.[6] (Doc. 1 at ¶ 1.) Stay

---

[6] As previously noted, the trial court construed Petitioner's October 24, 2011 Petition for Writ of Habeas Corpus as a third Petition for Post-Conviction Relief. (Doc. 11-4, Exh. T.)

and abeyance is appropriate when the court determines that: (1) there was good cause for petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not "plainly meritless," and (3) the petitioner did not deliberately engage in dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277 (2005).

Here, having found Petitioner's federal habeas petition is untimely, granting the motion for stay would not overcome Petitioner's failure to meet the statute of limitations. In his Traverse, Petitioner contends that there is good cause for a stay because he is exhausting "new claims due to a change in the law." (Doc. 12 at 4.)  In the pending Petition for Review, Petitioner cites to recently published opinions. (Doc. 11-4, Exh. U.) However, Petitioner does not argue that he is exhausting new claims because of a change in the law. (Doc. 11-4, Exh. U.)  Nonetheless, the cases cited by Petitioner do not present *for the first instance* that a defendant has a right to effective assistance of counsel at the plea stage, such that 28 U.S.C. § 2244(d)(1)(C) is implicated.  See, e.g., McMann v. Richardson, 397 U.S. 759, 771 (1970). Therefore, the Court will recommend that the Motion to Stay be denied.

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's Petition for Writ of Habeas Corpus is barred by the statute of limitations, and a stay of proceedings would be futile. The Court will therefore recommend that the Motion to Stay (Doc. 1) and the Petition for Writ of Habeas Corpus (Doc. 7) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion for Stay (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the

procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

Dated this 30th day of November, 2012.

Honorable Steven P. Logan
United States Magistrate Judge

- 10 -