IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Vincent Michael, II,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; Attorney General of the State of Arizona,<br><br>    Respondents. | No. CV 12-08148-PCT-FJM<br><br>**ORDER** |

    The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 7), petitioner's motion to stay the petition for writ of habeas corpus (doc. 1), respondents' answer to the petition and opposition to the motion to stay (doc. 11), and petitioner's reply (doc. 12). We also have before us the United States Magistrate Judge's report and recommendation (doc. 13) and petitioner's objections (doc. 14).

    Pursuant to a plea agreement, petitioner pled guilty to 2 counts of vehicular manslaughter with prior felony convictions, and to 3 counts of felony endangerment. He was sentenced to 2 concurrent 25-year terms of imprisonment on the manslaughter counts and to 3 consecutive 3-year terms of imprisonment for each of the endangerment counts, for a total of 34 years.

    The Magistrate Judge found that the habeas petition is barred by the statute of

limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). The statute of limitations expired on October 16, 2006, but petitioner did not file this habeas petition until July 30, 2012, almost 6 years late. Therefore the Magistrate Judge recommends that the habeas petition and the motion for stay be denied.

Petitioner does not argue that his habeas petition is timely. Instead, he challenges the constitutionality of AEDPA's statute of limitations and argues that he is entitled to equitable tolling. We disagree.

It is well established that AEDPA's one-year statute of limitations is not per se unconstitutional. See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that AEDPA's statute of limitations is not unconstitutional under the Suspension Clause). To be unconstitutional, the statute of limitations would have to bar habeas relief entirely or otherwise render relief "inadequate or ineffective." Id. Although the statute of limitations restricts the time period for filing a habeas petition, it does not render habeas relief ineffective. Moreover, AEDPA allows "equitable tolling" when a petitioner can show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in the way of his filing a timely petition. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005).

Here, petitioner argues that he is entitled to equitable tolling because he received ineffective assistance of counsel and because he was in a coma for 6 weeks in 2012. He does not demonstrate, however, that his counsel's failure to seek state post-conviction relief prevented him from filing a timely petition, nor does he explain how his injury in 2012 posed an impediment to filing his habeas petition before October 16, 2006. We agree with the Magistrate Judge that petitioner is not entitled to equitable tolling.

**IT IS ORDERED ACCEPTING** the recommended decision of the United States Magistrate Judge pursuant to Rule 8(b), Rules Governing § 2254 Cases. Accordingly, **IT IS ORDERED DENYING AND DISMISSING WITH PREJUDICE** the petition for writ of habeas corpus (doc. 7) and **DENYING** the motion to stay (doc. 1).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave

to proceed *in forma pauperis* on appeal because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

DATED this 7th day of January, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge